UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ) | | |
| DAVID A. WIEGAND ) | | |
| ) | Case No. 11-51543-399 | |
| ) | | |
| Debtor ) | Chapter 13 | |
| _____ ) | | |
| ) | | |
| DAVID A. WIEGAND, Debtor ) | Adversary No. | |
| and ) | | |
| JOHN V. LABARGE, Trustee, ) | | |
| Plaintiffs, ) | | |
| v. ) | | |
| ) | | |
| FIA CARD SERVICES, N.A. ) | | |
| Defendant. ) | | |
| _____ ) | | |

### Complaint To Avoid Preferential Transfers and To Recover Property

COMES NOW Plaintiffs, by counsel, and for their Complaint states as follows:

1. David A. Wiegand is an individual debtor having filed a voluntary petition under Chapter 13 of Title 11 of the United States Code on October 31, 2011.

2. FIA Card Services, N.A. ("FIA") is a wholly-owned bank operating under a federal charter. It is owned by Bank of America Corporation. FIA is the holder of a credit card account and general, unsecured claim against the Debtor. It is a listed creditor in Debtor's Schedules and Matrix.

3. John v. LaBarge, Jr, is the Standing Chapter 13 Trustee in this case.

4. This Court has jurisdiction of this Proceeding pursuant to 28 U.S.C. §1334. This is a core proceeding under 28 U.S.C. §157(b)(2).

5. On August 6, 2011, FIA received a payment of $3,000 from the Debtor as recorded on the credit card account statement attached hereto and incorporated herein as "Exhibit A." This payment was 86 days prior to the Order for Relief in this case.

6. In the ninety (90) days immediately preceding the Order for Relief in this case, FIA received at least $3,000 in payment on the credit card account.

      7.   The funds received through the August 8, 2011 payment were preferential in that they were in excess of the potential dividend that would have been received on account of the antecedent debt in a Chapter 7 liquidation.

      8.   Pursuant to 11 U.S.C. §547, the funds actually received prior to the order for relief but within ninety (90) days of the order for relief may be recovered by the trustee in bankruptcy.

      9.   Pursuant to 11 U.S.C. §550, transfers avoidable under §547 may be recovered for the Estate.

      10.   The Debtor's Chapter 13 Plan provides, in part,

> Confirmation of this Plan shall vest in the Debtor standing, together with the Trustee, to pursue claims against any parties on behalf of the Estate including but not limited to recovery of property of the estate, preference avoidance, transfer avoidance or actions pursuant to 11 USC §544.

      11.   Debtor's Plan was confirmed by this Court on January 25, 2012.

      12.   The Plaintiffs seek an order and Judgment in the amount of $3,000 against FIA pursuant to §§522, 547, and 550.  Said funds to be remitted to the Chapter 13 Trustee to be distributed in accordance with the Chapter 13 Plan and to increase the Plan Base.

      WHEREFORE, Plaintiffs respectfully requests this Court enter its Order setting aside the transfer aforesaid, order the payment of $3,000 to the Chapter 13 Trustee and/or grant Judgment in the amount of $3,000 in preferential transfers received by FIA Card Services, N.A. and for such other and further relief as is just in the circumstances.

Dated: 04/18/12

| | |
|---|---|
| JOHN V. LABARGE, JR., <br> Standing Chapter 13 Trustee | SHERK & SWOPE, LLC |
|   |   |
| /s/Diana Daugherty <br> DIANA DAUGHERTY, #23452 <br> Attorney for Trustee <br> P.O. Box 430908 <br> St. Louis, MO 63143 <br> (314) 781-8100 <br> (314) 781-8181 (FAX) <br> trust33@ch13stl.com | /s/Wendell J. Sherk <br> Attorney for Debtor, E.D.Mo. 36695MO <br> 1620 S. Hanley Rd., Mo Bar 36695 <br> St. Louis, MO 63144 <br> wjsherk@alum.wustil.edu <br> (314) 781-3400 <br> (314) 647-5314(FAX) |

Serve:

Bruce L. Hammonds, CEO
FIA Card Services N.A.
1100 North King Street
Wilmington, DE 19801